985 F.2d 585
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHEMICAL FABRICS CORPORATION, Plaintiff-Appellee,
v.
TEXTILES COATED, INC., Robert Ribbans, III, and Stephen W.
Tippett, Defendants-Appellants.
 No. 92-1408.
 United States Court of Appeals, Federal Circuit.
 Dec. 23, 1992.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Textiles Coated, Inc., Robert Ribbans III, and Stephen W. Tippett, (collectively "TCI") appeal from the summary judgment of the United States District Court of New Hampshire holding that TCI breached its mutual release and settlement agreement with Chemical Fabrics Corporation (CFC). We reverse the grant of summary judgment, vacate the judgment, and remand the case to the district court.
 
 Discussion
 
 2
 This appeal involves a settlement agreement which was entered into by the parties to resolve an earlier law suit. The critical language in the agreement provides that TCI
 
 
 3
 shall not engage in the manufacture or sale of coated or laminated products based on alloying or multilayering of fluoroplastic and/or fluorelastomeric materials. (Excepted from the immediately preceding sentence is the lamination of fluoroplastics where the bonding agent or material is not integral to either of the materials being laminated.) Notwithstanding the preceding sentences of this Paragraph 2C, there shall be no prohibition on the manufacture or sale of coated textile articles utilizing top coats composed solely of PFA or of FEP or of PTFE which are already well known in the art, provided said articles are not otherwise in violation of the preceding Paragraphs A, B, and the first sentence of C.
 
 
 4
 (Emphasis added to highlight the clause in controversy.)
 
 
 5
 Per the district court, TCI's production and sale of Texlam violates the settlement agreement because Texlam's "film layer is not simply a nonintegral bonding agent, but is a substantive component of the final laminated product, without which the final product would lack its essential characteristic of anti-porosity." In other words, the district court focused on the completed product after lamination and the function of the film within that finished product.
 
 
 6
 TCI proffers an interpretation of the exception which focuses on the components prior to lamination. TCI argues that the exception allows it to manufacture and sell laminated fluoroplastic products such as Texlam, because the bonding material is not integral to either of the outside layers of material being laminated before lamination. TCI claims that it is restricted under the agreement to making laminated fluoroplastic products by an expensive simultaneous lamination of three separate (non-integral) layers as opposed to using a less expensive process wherein the bonding film is applied to and thus becomes integral with one of the outside layers of fluoroplastic material before lamination with the other outside layer. Further, TCI argues that nothing in the language of the exception precludes the bonding material from serving a function in addition to bonding.
 
 
 7
 The New Hampshire Supreme Court has stated that under New Hampshire contract law,*
 
 
 8
 [T]he proper interpretation of an ... agreement is one that speaks to the intention of the parties at the time they enter the contract. See Griswold v. Heat Corp., 108 N.H. 119, 123, 229 A.2d 183, 186 (1967). Thus, where an agreement is ambiguous, and susceptible to different interpretations, a court may search for an interpretation which best reflects the parties' intention. Thiem v. Thomas, 119 N.H. 598, 602, 406 A.2d 115, 118 (1979). But where the parties to an ... agreement do not leave uncertain their mutual intent, there is no ambiguity, and no occasion for construction.
 
 
 9
 MacFarlane v. Rich, 132 N.H. 608, 612, 567 A.2d 585, 588 (1989) (interpreting antenuptial agreement).
 
 
 10
 Looking exclusively within the four corners of the agreement, we cannot endorse the district court's interpretation as a matter of law. Under the exception, the bonding agent cannot be integral "to either of the materials being laminated." This phrase could easily comport with TCI's interpretation that the bonding material is only prohibited from being integral with one or the other of the outer fluoroplastic materials being laminated prior to lamination. On the other hand, the phrase may exclude using a bonding agent or material that becomes integral with the outside layers during or after lamination, as the court apparently found. In view of these equally possible interpretations, we conclude that the contract is ambiguous.
 
 
 11
 Alternatively, CFC argues that because the bonding film is itself a layer of fluoroplastic material, it should be considered one of the materials "being laminated" and, thus, is expressly precluded under the agreement. In other words, per CFC, Texlam's film, used as the bonding agent, is itself a fluoroplastic layer of material "being laminated," and the bonding agent is integral to that layer. It is not clear that the bonding film can be considered "either of the materials being laminated." Indeed, the court rejected a similar argument of inherency in connection with CFC's two layer product, Texfilm, because it could not determine on summary judgment that a two-layer product inherently has a "bonding agent." This proffered interpretation of the agreement provides further support for our legal conclusion that the agreement is ambiguous. Public Serv. Co. v. Seabrook, 133 N.H. 365, 370, 580 A.2d 702, 705 (1990) (ambiguity of a contract is a question of law).
 
 
 12
 In any event, both parties entered into the settlement agreement for a purpose--to resolve a law suit which centered on certain previous activity. Without extrinsic evidence as to TCI's prior activities and the parties' intent at the time of the agreement, interpretation of the agreement's exception would be mere guesswork. Because the agreement is ambiguous as written, we reverse the grant of summary judgment, vacate the judgment, and remand the case to the district court.
 
 Costs
 
 13
 Each party to bear its own costs.
 
 
 
 *
 Neither party disputes that the contract is governed by New Hampshire law